## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LOUIS SANDERS,**

   **Petitioner,**

v.               **Case No. 8:05-CV-1354-T-27TBM**

**WALTER A. MCNEIL[1],**

   **Respondent.**

_____/

## ORDER

Petitioner, a State of Florida inmate, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of his two convictions for knowingly transmitting a sexual disease (Dkt. #10). Respondent argues that Petitioner's claims are procedurally defaulted or fail to meet the threshold requirements of 28 U.S.C. § 2254(a), (d) and (e).

Petitioner pleaded guilty and was sentenced to ten years' imprisonment. His convictions were affirmed in a *per curiam* decision without opinion. Petitioner sought post conviction relief in the state court. The state court denied Petitioner's original and amended Florida Rule 3.850 motions and his Florida Rule 3.800 motion. The denials were affirmed on appeal. Petitioner's federal § 2254 petition followed. Respondent acknowledges that it is timely.

### STANDARD OF REVIEW

Because this action was filed after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840

---

[1] Walter A. McNeil, Secretary of the Florida Department of Corrections, is substituted as the party respondent. Fed. R. Civ. P. 25(d).

(2000). Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

Petitioner has the burden of overcoming the state court's factual determinations by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). Consequently, a presumption of correctness attaches to the findings of fact in the trial court's rejection of Petitioner's claims.

**Grounds One and Two**

In Ground One, Petitioner presents three claims of ineffective assistance of counsel. Specifically, Petitioner contends that his trial counsel rendered ineffective assistance by: (1) misadvising Petitioner about the maximum sentence he faced under the state sentencing guidelines, (2) failing to file a timely motion to withdraw Petitioner's guilty plea and (3) failing to investigate or interview the victim. In Ground Two, Petitioner contends that his confession was coerced. Petitioner's guilty plea forecloses review of some of Petitioner's claims.

A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992). However, the plea does not bar collateral review of ineffective assistance of counsel claims to the extent that the alleged ineffectiveness bears upon the voluntariness of the guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985). *See also Stano v. Dugger*, 921 F.2d 1125, 1150-51 (11th Cir. 1991) ("The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove "serious derelictions in his counsel's advice regarding the plea.") (citation omitted).

As a threshold matter, a review of Petitioner's change of plea demonstrates that his guilty plea was voluntarily and intelligently entered. Petitioner signed a written change of plea form in which he averred that he entered his plea of his own free will and that no one had pressured or forced him to enter the guilty plea.[2] (Dkt. #19, Ex. 18, p. 108). The state judge questioned Petitioner about his understanding of the form and his understanding of the consequences of pleading guilty.

| Court: | All right.   Mr. Sanders, raise your right hand. |

LOUIS C. SANDERS,
the defendant herein, being first duly sworn, was examined and testified as follows:

| Court: | You've heard what your attorney . . . has indicated to the Court.   Is that what you want to do? |
| Defendant: | Yes. |
| Court: | Do you understand you do not have to [plead guilty] if you do not want to? |
| Defendant: | Yes. |
| Court: | It's your free will and decision to do what you want to do? |
| Defendant: | Yes, sir. |
| Court: | In this case you are charged by amended information with the un-informed HIV infected sexual intercourse in Count One and in Count Two by the amended information. And according to the plea agreement you were [sic] to enter a plea of guilty as charged in your best interest. |

---

[2] In his change of plea form, Petitioner averred in part: "I certify that no one has promised me anything or threatened or coerced me in any way in order to get me to enter this plea, and I am pleading freely and voluntarily" (Dkt. #19, Ex. 18, p. 65).

|  |  |
|---|---|
|  | Is that what you understand the agreement to be? You have to speak loud enough so I can hear you. |
| Counsel: | Speak into the microphone. |
| Defendant: | Yes, yes. |
| Court: | Okay. Now, the agreed-upon sentence between you and the State of Florida would be a sentence of ten years in the State Prison. Do you understand that? |
| Defendant: | Yes, sir. |
| Court: | There will be no probation, no conditions of probation, or anything like that. |
| Defendant: | Yes, sir. |
| Court: | Okay. All right. You know you have the right to maintain a plea of not guilty and have a jury trial of a jury of six persons hear the testimony from the witnesses offered by the State. And it is the obligation of the State to prove the allegations beyond and to the exclusion of every reasonable doubt. |
| Defendant: | Yes, sir. |
| Court: | If they could not do that I would instruct a jury that they should return a verdict of not guilty because you're presumed to be innocent. |
|  | You would not have to testify at your trial if you didn't want to and I would instruct the jury to totally disregard the fact that you elected not to testify. But if you elected to testify, I would tell the jury to consider your testimony |

|  |  |
|---|---|
|  | and with the same rules that they would consider the testimony of any other witness. Do you understand that? |
| Defendant: | Yes, sir. |
| Court: | You would have the right to have [defense counsel] help you with the trial to make sure that only admissible evidence was introduced at the trial, and that the witnesses offered by the State were vigorously cross examined and any credibility problems were brought to the attention of the jury. Do you understand that? |
| Defendant: | Yes, sir. |
| Court: | Are you under the influence of any drugs or alcohol at this time? |
| Defendant: | No, sir. |
| Court: | Do you feel your capacity to understand what is going on in these proceedings is in any way impaired? |
| Defendant: | No, sir. |
| Court: | Okay. Do you need more time to talk to [defense counsel] about what is taking place? |
| Counsel: | Well, frankly, Judge, you know, he would have preferred to receive a lesser prison term. And I've discussed that with him and I've told him that [the prosecutor] has conferred with the State Attorney . . . and they've indicated that this is the absolute lowest sentence they would agree to. |

And as I indicated earlier they kind of gave us until this date to make a final decision and - which, of course, is their prerogative. And the litigation has been around for some time.

And, as I indicated earlier, if he didn't accept this offer the offer would be off the table and then additional charges would ensue.

Court:        Do you understand that?

Defendant:    Yes, sir.

Counsel:      So, I think that's why he feels it is in his best interest to do it. I mean, he wishes he had more time is what he is saying, and I understand his sentiments, Judge. But I think, as I've indicated before, this is in his best interest.

Court:        Well, I find the plea is freely and voluntarily entered and do you agree that there is a factual basis -

Counsel:      Yes, Your Honor. I've taken depositions in the case; I've reviewed all the police reports; I've reviewed the medical reports; considered the demeanor of the alleged victim in this case, and again I feel that this plea is in this gentleman's best interest.

Court:        Okay. And do you agree with that, Mr. Sanders?

Defendant:    Yes.

Court:        Based upon the plea agreement I find it is freely and voluntarily entered with a factual basis. We are ready to proceed to sentencing.

(Dkt. #19, Ex. 18, pp. 112-16).

Ground One: claim 3 and Ground Two

By entering a voluntary guilty plea, a defendant relinquishes the right to a jury trial and the constitutional rights attendant thereto, including the right to raise a defense. *See Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *United States v. Broce*, 488 U.S. 563, 573 (1989). Petitioner's allegation in claim 3 of Ground One (counsel's failure to investigate or interview the victim) relates to counsel's conduct prior to entry of Petitioner's guilty plea. Ground Two alleges that Petitioner's confession was coerced. The underlying factual basis for each of these claims is premised on events that allegedly occurred before entry of the plea. Petitioner's guilty plea waived his these non-jurisdictional claims because these claims cannot undermine the validity of Petitioner's guilty plea. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000); *Wilson v. United States*, 962 F.2d at 997 (pre-plea claim of ineffective assistance of counsel waived). Accordingly, relief on claim 3 of Ground One and Ground Two is denied.[3]

---

[3] Even if review of Ground Two was not precluded by entry of Petitioner's guilty plea, the claim warrants no relief. Petitioner presented this claim to the state court in his Rule 3.850 motion. The state court rejected the claim, finding that it "is not appropriate for review under Fla. R. Crim. P. 3.850" (Dkt. #19, Ex. 3). Generally, where a claim is procedurally barred from federal habeas review, a state court must reject reviewing an incorrectly presented claim. The fact that a federal habeas petitioner failed to abide by a state procedural rule does not, standing alone, prevent a federal court from reaching the federal claim: "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (*quoting Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)). *See also Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) ("[A] state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground."). A state court's procedural ruling constitutes an independent and adequate state rule of decision if (1) the last state court rendering a judgment in the case clearly and expressly states that it is relying upon a state procedural rule to resolve the federal claim without reaching the merits of the claim, (2) the state court's decision rests solidly on state law grounds and is not intertwined with an interpretation of federal law, and (3) the state procedural rule is not applied in an "arbitrary or unprecedented fashion," or in a "manifestly unfair manner". *Judd v. Haley*, 250 F.3d at 1313 (*citing Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990)). *See also Ford v. Georgia*, 498 U.S. 411, 424-25 (1991).

The state court applied a state procedural rule and concluded that Petitioner's claim that his confession was coerced was not cognizable on collateral attack in a Rule 3.850 motion. *See Torres-Arboleda v. Dugger*, 636 So. 2d 1321,1323 (Fla. 1994). The state appellate court affirmed the application of the procedural bar (Dkt. #19, Ex. 5). *See Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (state appellate court's *per curiam* affirmance of the lower court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state law ground barring federal review). Florida courts consistently apply the procedural rule that claims that could and should have been raised on direct appeal are procedurally barred from collateral review. *See e.g., Bruno*

Ground One: claim 1

Claim 1 of Ground One, that counsel misadvised Petitioner about the maximum sentence he faced under the state sentencing guidelines, essentially challenges the voluntary and intelligent nature of Petitioner's plea. Notwithstanding, this claim is unexhausted because Petitioner did not present this specific claim to the state courts. In his Florida Rule 3.850 motion,[4] Petitioner contended that his attorney rendered ineffective assistance by telling him "to plea guilty when [he] had under 20 points" and that he would not have pled had he known that he was facing a prison sentence (Dkt. #19, Ex. 1). Although similar to that claim, Petitioner's claim in his federal habeas petition that counsel misadvised Petitioner about the maximum sentence he faced under the state sentencing guidelines is a separate and distinct claim.

Although a petitioner need not present in his federal habeas petition "a verbatim restatement of the claims brought in state court," he may not present particular factual instances of ineffective assistance of counsel in his federal petition that were not first presented to the state courts. *See McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); *Johnson v. Singletary*, 162 F.3d 630,

---

*v. State*, 807 So.2d 55, 63 (Fla. 2001) (holding that claims of trial court error generally can be raised on direct appeal but not in a Rule 3.850 motion). Accordingly, Ground Two of Petitioner's federal habeas petition is procedurally defaulted.

This default forecloses federal habeas review absent a showing of either cause and prejudice or a fundamental miscarriage of justice. *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Petitioner fails to demonstrate cause and prejudice excusing his default. Petitioner neither alleges nor shows that the fundamental miscarriage of justice exception applies. Because Petitioner fails to proffer specific facts showing an exception to the procedural default rule, *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), Ground Two is procedurally barred from federal review.

[4] Petitioner filed an original state Rule 3.850 motion and an amended Rule 3.850 motion (Dkt. #19, Exs. 1, 2). The amended motion contained no factual allegations or legal argument. In its denial of these motions, the state court determined that "[t]he amended motion for postconviction relief is insufficient on its face. It states no grounds for relief, but refers to a 'memorandum of law' which is not attached" (Dkt. #19, Ex. 3). The state court evaluated Petitioner's claims as presented in the original Rule 3.850 motion and denied the claims based on the allegations presented therein. Accordingly, the references to Petitioner's state Rule 3.850 motion throughout this order refer to the original rather than the amended Rule 3.850 motion.

634-5 (11th Cir. 1998); *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992). If a petitioner raises an ineffective assistance of counsel claim in state court, but alleges different supporting facts in his federal habeas proceeding, he is deemed to have failed to fairly present the federal claim to the state court. *See Weeks v. Jones*, 26 F.3d 1030, 1044-46 (11th Cir. 1994) (rejecting petitioner's argument that "the general claim of ineffective assistance of counsel in state court preserves for federal review all alleged instances of ineffectiveness, regardless of whether evidence of a particular act was presented to the state court").

Before a federal court may grant habeas relief, a federal habeas petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. at 842. *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted)).

A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(quoting *O'Sullivan v. Boerckel*, 526 U.S. at 845). To exhaust a claim, a petitioner must present the state court with the particular legal basis for relief in addition to the facts supporting the claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal

claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (*quoting Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

Petitioner did not present the specific ineffective assistance claim alleged in claim 1 to the state court in his state Rule 3.850 motion. Consequently, he deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Claim 1 of Ground One remains unexhausted and, therefore, federal review is precluded. Petitioner can no longer return to state court to present his federal claim. The state's procedural rule precluding a second or successive Rule 3.850 motion bars Petitioner's returning to state court to present the ineffective assistance claim asserted in claim 1 in a second Rule 3.850 motion. *See* Fla. R. Crim. P. 3.850(b). Consequently, this claim is procedurally defaulted.

Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error

of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). In other words, he must show at least a reasonable probability of a different outcome. *Henderson v. Campbell*, 353 F.3d at 892; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. at 495-96; *Henderson v. Campbell*, 353 F.3d at 892. "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d at 892; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner fails to demonstrate cause and prejudice excusing his default. Petitioner has neither alleged nor shown that the fundamental miscarriage of justice exception applies. Because Petitioner fails to proffer specific facts showing an exception to procedural default, *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), claim 1 of Ground One is procedurally barred from federal review.

Even if this claim of ineffective assistance of counsel can be said to have been presented to the state courts in Petitioner's Rule 3.850 motion, it is nonetheless without merit. The transcript of Petitioner's change of plea hearing belies any contention that Petitioner was not aware that he was facing a prison sentence of 10 years. In Petitioner's presence, counsel expressly represented to the court that the 10 year offer was "the absolute lowest sentence" the prosecution would agree to and that if Petitioner did not accept that offer, "additional charges would ensue." (Dkt.#19, Ex. 18, pp. 112-16). Petitioner expressly represented his agreement with counsel's representations. Petitioner's

plea colloquy and change of plea form demonstrate that Petitioner's guilty plea was knowing and voluntary.

Ground One: claim 2

Petitioner's remaining claim in Ground One alleges that his attorney was ineffective in failing to file a timely motion to withdraw Petitioner's guilty plea. Claims of ineffective assistance of counsel are difficult to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland v. Washington*, 466 U.S. at 697; *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). *See also Hill v. Lockhart*, 474 U.S. 59 (1985). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* *Strickland* requires that "in light of all the circumstances, the

identified acts or omissions were outside the wide range of professionally competent assistance."
*Id.*

Petitioner pleaded guilty. Under *Strickland*, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Walker v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's alleged resulted in prejudice. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on proceeding to trial. *See Hill v. Lockhart*, 474 U.S. at 59. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington*, 466 U.S. at 694.

The state court rejected Petitioner's claim that counsel was ineffective in failing to file a timely motion to withdraw Petitioner's guilty plea, finding that the claim was facially insufficient and that "[i]t is not up to an attorney to 'allow' [a Defendant to withdraw his guilty plea]"[5] (Dkt. #19, Ex. 3).[6] To obtain relief on this claim, Petitioner must establish that the state court unreasonably

---

[5] Although the state trial court failed to cite *Strickland* as the standard for ineffective assistance, no explicit citation is required. A state court need not cite Supreme Court precedent (or even be aware of it) if the decision is consistent with the precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Sec'y of Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003). In Florida, *Strickland* governs ineffective assistance of counsel claims. *Walls v. State*, 926 So.2d 1156 (Fla. 2006).

[6] The state appellate court affirmed the denial of this claim in a *per curiam* decision without written opinion (Dkt. #19, Ex. 5).

applied *Strickland* or unreasonably determined the facts in denying this claim in his Rule 3.850 motion. Petitioner has not done so. Petitioner has not done so.

When Petitioner entered his guilty plea, the state court complied with the requirements for determining the voluntariness of Petitioner's guilty plea under Rule 3.172(c), Florida Rules of Criminal Procedure. As discussed, the record affirmatively demonstrates that Petitioner's guilty plea was knowingly and intelligently entered. *See Suarez v. State,* 616 So.2d 1067, 1068 (Fla. 3d DCA 1993). The change of plea colloquy demonstrates that Petitioner pleaded guilty to a negotiated sentence of 10 years and expressly acknowledged that he would receive that 10 year sentence, and that "[t]here would be no probation." Counsel indicated to the court, and Petitioner confirmed, that it was in Petitioner's best interest to plead guilty. Considering the plea colloquy, it would not have been reasonable for counsel to file a motion to withdraw the plea, because there was no support under Florida law for such a motion.

In Florida, a defendant must establish good cause for withdrawal of a guilty plea. *Castello v. State,* 260 So.2d 198 (Fla.1982); *Adler v. State*, 382 So.2d 1298 (Fla. 3d DCA 1980).[7] A defendant has the burden of establishing grounds to withdraw a guilty plea and "mere naked allegations," unsupported by any proof, will "never constitute a basis for withdrawal of a plea." *Brown v. State,* 428 So.2d 369, 371 (Fla. 5th DCA 1983).

To the extent Petitioner contends that he was in some way misinformed or mislead by counsel, and that the knowing and voluntary nature of his guilty plea was undermined by counsel's advice, the transcript of his change of plea belies any such contention. During the change of plea

---

[7] In Florida, after sentence is imposed, a guilty plea may be withdrawn only "upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law." Fla. R. Crim. P. Rule 3.170

colloquy, Petitioner confirmed under oath that he was pleading guilty voluntarily, that he would receive a 10 year sentence, and that the guilty plea was his "free will and decision." He also expressly acknowledged that his attorney had taken depositions in the case, reviewed the police reports, medical reports, considered the demeanor of the victim and that it was in his best interest to enter the plea. (Dkt. #19, Ex. 18, pp. 112-16). Moreover, Petitioner executed a change of plea form which comprehensively covered the consequences of his guilty plea. (Dkt.#19, Ex. 18).

As to Petitioner's claimed misgivings or misunderstanding as to his guilty plea, it was incumbent upon him to speak up during the plea colloquy and his failure to do so at that time would have estopped him "from later arguing a position contrary to statements made in open court or in writing." *See Simmons v. State,* 611 So.2d 1250, 1253 (Fla. 2d DCA1992): *Resta v. State,* 698 So.2d 378, 379 (Fla. 3d DCA1997).[8] Petitioner has not demonstrated that counsel's failure to file to file a timely motion to withdraw Petitioner's guilty plea was deficient. Given Petitioner's sworn declarations made during the change of plea hearing and his certification on the change of plea form, no reasonable attorney would have pursued a motion to withdraw Petitioner's guilty plea. Counsel could not have been ineffective in failing to file a motion with no merit.

In considering whether counsel's performance was deficient, the inquiry focuses on "whether counsel's assistance was reasonable considering all the circumstances. " *Strickland v. Washington,*

---

[8] From a post conviction perspective, Petitioner's sworn statements made in open court are presumed to be true. *United States v. Medlock,* 12 F.3d 185, 187 (11th Cir. 1994). This presumption cannot be overcome by a bald assertion of misunderstanding, or that those statements were not true. *Harvey v. United States,* 850 F.2d 388, 396 (8th Cir. 1988); *United States v. Stitzer,* 785 F.2d 1506, 1514, n. 4 (11th Cir. 1986). Petitioner's sworn representations, together with the judge's findings that the plea was knowing and voluntary, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). Petitioner has not and could not have overcome the "strong presumption of verity" accorded to his sworn declarations made during his change of plea hearing. *Blackledge v. Allison,* 431 U.S. at 73-74.

466 U.S. at 688. Here, counsel's performance has not been shown to have been deficient. Moreover, even if, as petitioner contends, he asked counsel to file the motion, Petitioner has not demonstrated prejudice from counsel's performance. To satisfy the prejudice prong of *Strickland*, Petitioner must show that the state court would have granted a motion to withdraw his plea. As discussed, Petitioner presents no factual or legal support to demonstrate that he would have prevailed on such a motion and the record conclusively establishes that such a motion would have been denied. Absent a demonstration of prejudice, Petitioner cannot prevail on this claim of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. at 697; *Hill v. Lockhart*, 474 U.S. at 59.

Consequently, Petitioner fails to meet his burden of proving that the state court's denial of this claim of ineffective assistance was an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1), (2).

**Ground Three**

Petitioner contends that the trial court lacked jurisdiction to convict him on Count Two of the amended Information. Petitioner alleges that, because he was never formally charged or arraigned on Count Two, he was denied due process. Petitioner claims that if he had been aware of Count Two, he would not have entered his plea.

Petitioner's claim is not cognizable on federal habeas review. Federal habeas relief for a person in custody pursuant to the judgment of a state court is available only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir. 1990). A claim that a state trial court lacked jurisdiction under state laws or procedural rules provides no basis for federal habeas corpus relief because the claim presents no federal constitutional

question. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The limitation on federal habeas review to claims of federal constitutional error applies with equal force when a petition, which actually involves state law issues, is couched in terms of a Fourteenth Amendment due process violation. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976). Consequently, Ground Three warrants no relief.

Notwithstanding, review of Ground Three is also precluded by Petitioner's failure to exhaust the federal dimension of this claim. Petitioner presented this claim in his state Rule 3.850 motion but failed to allege the violation of a federal constitutional right (Dkt. #19, Ex. 1).[9] Consequently, he deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. at 845. Petitioner's exclusively state law arguments leave the exhaustion requirement unsatisfied. *Duncan v. Henry*, 513 U.S. at 365. *See also Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"). Ground Three remains unexhausted and, therefore, federal review is precluded.

---

[9] Petitioner presented this claim in his state Rule 3.850 motion as follows:

I was never arraigned on the second charge and my attorney never objected to it. If he had then I would not have had to plea guilty but when [sic] have went to trail [sic].

(Dkt. #19, Ex. 1).

Petitioner cannot return to state court to present his claim as a federal constitutional claim. The state's rule precluding second or successive Rule 3.850 motions bars Petitioner's returning to state court to present a second Rule 3.850 motion. *See* Fla. R. Crim. P. 3.850(b). Consequently, Ground Three is procedurally defaulted.

Petitioner fails to demonstrate cause and prejudice excusing his default. Petitioner has neither alleged nor shown that the fundamental miscarriage of justice exception applies. Because Petitioner fails to proffer specific facts showing an exception to procedural default, *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), Ground Three is procedurally barred from federal review.

**Ground Four**

Petitioner alleges ineffective assistance of counsel and a denial of due process resulting from trial counsel's alleged failure to file a motion to withdraw Petitioner's plea, as Petitioner requested. Petitioner contends that because he was represented by counsel, he could not represent himself and therefore trial counsel was responsible for filing the motion.

This claim of ineffective assistance of counsel is a recapitulation of Petitioner's claim 2 of Ground One. As discussed in Ground One, *supra*, Petitioner demonstrates no entitlement to relief on this claim. Petitioner likewise cannot obtain federal habeas relief on his due process claim presented in Ground Four because the claim is unexhausted.[10] Petitioner presented no federal due process claim to the state courts based on trial counsel's failure to file a motion to withdraw Petitioner's guilty plea. Petitioner's failure to present this claim in his state Rule 3.850 motion deprived the state courts of a full and fair opportunity to resolve this constitutional issue by invoking one complete round of the State's established appellate review process. *O'Sullivan v. Boerckel*, 526

---

[10] The Respondent neither argues exhaustion of this claim nor expressly waives the exhaustion requirement.

U.S. at 845. "Federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999). Petitioner cannot return to state court to present this claim in a successive Rule 3.850 motion. Consequently, the claim is procedurally defaulted. Petitioner neither shows cause and prejudice nor satisfies the miscarriage of justice exception to excuse the default. Thus, this claim is procedurally barred from federal review.[11]

**Ground Five**

Petitioner contends that his confinement is illegal because his conviction is based upon an unconstitutional state statute. To the extent Petitioner challenges the constitutionality of Section 384.24(2), Florida Statutes, under the Florida constitution, his claim warrants no relief. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. at 67. A facial challenge to the constitutionality of a state statute under a state constitution is a matter of state law that is not cognizable on federal habeas review. *See Wainwright v. Goode*, 464 U.S. 78, 83-84 (1983) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.") (citations omitted); *Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993) (federal habeas review "is no occasion for considering the facial constitutionality of [a state] statute; such elective speculation is better left to the law reviews"); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir. 1990) ("A writ of habeas corpus is available in federal court only in cases of constitutional error.").

---

[11] To the extent that Ground Four, liberally construed, challenges Petitioner's ability under state law to file a *pro se* motion to withdraw his guilty plea while represented by counsel, the claim is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. at 67.

To the extent that Petitioner argues that the state statute is unconstitutional under the federal constitution, his claim is procedurally barred. Petitioner raised this claim in his state Rule 3.800(a) motion to correct an illegal sentence (Dkt. #19, Ex. 25). The state court rejected this claim as follows:

> Pursuant to a negotiated plea agreement, the Defendant was convicted of two counts of un-informed HIV infected sexual intercourse, a violation of Fla. Stat. Sec. 384.24. The Defendant was sentenced to five years in prison for each count, to run consecutively. In his *Motion*, argues [sic] that the statute under which he was convicted, Fla. Stat. Sec. 384.24(2) (2002), is unconstitutional because the statute invades his right to privacy, equal protection rights, [and] substantive due process rights. Additionally, the Defendant argues that the statute is illegal because it is overbroad and unconstitutionally under-inclusive. Defendant invokes Rule 3.800, Fla. R. Crim. P. However, this Court notes that the Defendant cannot raise this argument for the first time in a Rule 3.800(a) Motion. Because the Defendant seeks a change in the law, this argument should have been raised on direct appeal [FN1]. *See* Thomas v. State, 778 So.2d 429, 430 (Fla. 5th DCA 2001); McCrae v. State, 437 So.2d 1388 (Fla. 1983). "Rule 3.800(a) is limited to correcting sentences which are patently illegal on the face of the record." Thomas v. State, 778 So.2d 429 (Fla. 5th DCA 2001).

> > [FN1] The Defendant did appeal his Judgment and Sentence, which were per curiam affirmed on June 24, 2005.

> Finally, were this Court to consider the Defendant's claim(s) on its merits, it would find that the claim(s) simply lack any legal merit.

(Dkt. #19, Ex. 26) (emphasis in original).

As the Respondent correctly argues, the state court's decision rests upon an independent and adequate state procedural ground barring federal habeas review. "It is well-settled that federal habeas courts may not consider claims that have been defaulted in state court pursuant to an independent and adequate state procedural rule, unless the petitioner can show 'cause' for the default and resulting 'prejudice,' or 'a fundamental miscarriage of justice.'" *Mincey v. Head*, 206 F.3d 1106, 1135-36 (11th Cir. 2000) (*citing Coleman v. Thompson*, 501 U.S. 722, 750 (1991) and *McCoy*

*v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992)). Petitioner demonstrates neither cause and prejudice nor manifest injustice to excuse the default. Consequently, Ground Five is procedurally barred from federal review.

There is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Therefore, it is

**ORDERED AND ADJUDGED** that:

1.     Petitioner's amended petition for the writ of habeas corpus (Dkt. #10) is DENIED.

2.     The Clerk is directed to deny any pending motions as moot, enter judgment for Respondent and close this case.

**DONE AND ORDERED** in Tampa, Florida on this 30th day of April, 2008.


**JAMES D. WHITTEMORE**
**United States District Judge**


Copies furnished to:
Counsel/Parties of Record